EDWIN L. SWARTOUT, APPELLANT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, RESPONDENT.

*Evidence — Cattle-guard on railroad — construction of — Opinion as to — Testimony of experts.*

The question whether a cattle-guard on a railroad is properly constructed, is not a question calling for the testimony of an expert; but when the manner of its construction is shown, the jury is competent to speak of its fitness for use.

APPEAL from a judgment entered on a verdict in favor of the defendant, in an action for damages for the killing of a horse and injury to a wagon and harness belonging to the plaintiff by the defendant.

The plaintiff left his horse for half a minute to go into a store when the horse started, and after passing through several streets got on the direct road toward home. When the horse reached the railroad track crossing the road he became frightened by an approaching train and turned up the track, and after crossing a cattle-guard he came into collision with a train coming toward him, and was so injured that it was necessary to kill him.

*A. M. Beardsley*, for the appellant.

*A. Cobourn*, for the respondent.

MULLIN, P. J.:

A new trial must be granted in this action by reason of the admission of the evidence of one of the defendant's witnesses, in

answer to the question whether the cattle-guard, over which plaintiff's horse passed, was a proper one.

The court held that if the question was one of skill merely, the answer of the witness was properly admitted, but it was not. When the manner of its construction was shown the jury was competent to speak of its fitness for use, as was any person engaged in its construction, or in the construction of such guards, however numerous. It does not require experience in the construction of cattle-guards to know that if the timbers composing the super-structure are so near each other that the feet of horses or cows will not pass between them the guard furnishes no obstruction to cattle desiring to pass over. If the opening between the timbers is only two inches and the animal's foot is five inches in length it can pass almost as easily as if the timbers were in actual contact. No amount of opinions could justify the finding that a cattle-guard so constructed was fit for the use for which it was constructed, however skillful and competent the witnesses might be.

In calling the space between the timbers two inches I do not intend to speak with accuracy of the width of the spaces in the cattle-guard in question, or the size of the animal's feet; my under-standing of the evidence is that the openings were less in size than were the horses' feet.

It is sometimes quite difficult to determine when a question is one proper to be put to experts only, and is therefore one of skill, or whether it calls for facts merely and not opinions. The question put to the witness in this case was allowed as one calling for the opinion of the witness, whereas the subject was one, as to which opinion was not competent.

Whether a bridge is properly constructed — that is, whether the principles applied in its construction are such as to secure per-manence and safety, are questions of skill, and can only be put to persons acquainted with business of bridge building, or, in certain cases, to men of science, theoretically acquainted with the strength of material and with the rules which should be adopted in com-bining together the various parts of the structure, so as to secure permanence and safety. But whether an inch board would be suitable for flooring, or whether the timbers laid as flooring might be laid five or six inches apart, every person of sound mind and

who has passed the age of boy or girlhood is capable of testifying in regard to.

By reason of the improper admission of the evidence, to which reference is made above, the judgment must be reversed and new trial granted, costs to abide event.

NOXON, J. (dissenting):

This is an action by plaintiff for the recovery of damages to his horse, wagon and harness, claimed by plaintiff to have been caused by the neglect of the defendant, to construct and maintain cattle-guards at a railroad crossing on Schuyler street in the city of Utica, suitable and sufficient to prevent cattle and animals from getting on to the railroad track of defendants. The plaintiff left his horse and carriage in front of a store in Utica, at the corner of Hotel and Liberty streets, and went into the store, where he remained about thirty seconds, and when he came out the horse and carriage had gone. It was discovered that the horse with the carriage passed through several streets to Schuyler streeet, and thence upon Schuyler street to the railroad crossing, when he turned and passed over the cattle-guard with the carriage on to the railroad track, and thence went west some considerable distance, when he was met and struck by an engine attached to a freight train going east, and by the collision the horse was injured so that it became necessary to kill him, and the carriage and harness were broken and damaged. At, or just previous to the time the horse reached the railroad crossing on Schuyler street a freight train was approaching the crossing from the east, which probably caused the horse to be frightened, and turned him across the cattle-guard on to the track, upon which he ran until the collision happened. The jury found, as a question of fact, under the charge of the court, that the cattle-guard was suitable and sufficient to prevent cattle and animals from getting on to the railroad. This was the only question bearing upon the liability of defendant which was submitted by the court to the jury. It is true on the motion for nonsuit the defendant's counsel, in case he was compelled to go to the jury, asked to go to the jury upon the question of contributory negligence, which was granted by the court, and an exception taken by plaintiff. The exception is of no avail, for the reason that no evidence was given upon that question,

and the defendant made no claim to have the same submitted to the jury. The court so clearly submitted to, and charged the jury that if they found the cattle-guard unsuitable and insufficient, the plaintiff was entitled to recover, that the jury were in no way misled as to the real question submitted to them, and upon which they passed. The renewal of the motion for nonsuit at the close of the testimony was made solely upon the ground that the evidence proved the cattle-guard suitable and sufficient. The rule of law seems to be well settled that mere negligence of the plaintiff is no defense to an action against a railroad company for negligence in constructing or maintaining cattle-guards. (Laws 1850, chap. 140, § 44; Laws 1854, chap. 282, § 8; *Corwin* v. *N. Y. and Erie R.*, 13 N. Y., 42; *Bradley* v. *Buffalo, N. Y. and Erie R.*, 34 id., 432; *Shepard* v. *Buffalo, N. Y. and Erie R.*, 35 id., 645.) The exception to the ·ruling of the court, refusing the offer to prove by Cowley that he saw a cow walk across the cattle-guard about three months after the accident, was not well taken. The fact, if proved, would not tend to show the condition of the guard at the time of the accident, and the court correctly held that the suitableness and sufficiency of the guard should be judged by the manner of its construction. The exception by plaintiff to the question put to the witness Weigant, " whether, in his opinion, the cattle-guard was suitable and sufficient to prevent horses and animals from getting on to the track," was not well taken. It already appeared, from the testimony of the witness, that he had been for a number of years engaged in building and repairing cattle-guards; that he knew how they were built from time to time; that he was acquainted with the construction and object of building them, and, also, that he knew the guard in question and had examined it and had seen its practical operation, and that he had been in the business of railroading for eighteen years, and in the habit of seeing cattle guards every day. When the question calls for a *mere opinion* in regard to a matter, as to which the jury may be supposed to be equally well acquainted, the rule laid down in *Ramadge* v. *Ryan* (9 Bing., 333) applies. But in this case the witness was competent to speak from his knowledge in the construction of guards, and from the experience and observation derived by him from many years' study and labor in the building of such guards, as

will best prevent cattle and other animals from crossing. His business and observation gave him a better opportunity to judge as to whether the guard would prevent animals from crossing, and whether the same was suitable and sufficient for that purpose. (*Bellinger* v. *N. Y. C. R. R.*, 23 N. Y., 42.) The injury to the plaintiff's horse and carriage was not the result of imperfect cattle-guards. The guards were suitable and sufficient, ordinarily, to prevent the mischief intended by the act — not, indeed, under any and all circumstances. The design and object of the law was to reach and cover the ordinary cases of cattle and animals allowed to run at large upon the lands, farms and highways, near and adjoining the tracks of railroads. It was not designed to cover the case of a runaway horse upon the highway, or of vicious and unruly horses, or animals found in the highway or upon lands adjoining. Such cases could not be and were not provided for by statute. The statute covered fences to be erected and maintained as well as guards at crossings, and can it be maintained that frightened horses or other vicious and uncontrollable animals who may leap the fences or cattle-guards, come within the provisions of the act and render the company liable, if the guards are built, and the fences erected in the manner and as provided by the statute?

These questions, relating to the proper guards and fences to be constructed, are questions for the jury, and it is not every case where the fence or the guard fails to prevent a horse or other animal from passing that a recovery can be had. Such failure does not establish the fact that the fences or guards have not been properly erected or built. The evidence to show, as in this case, that the guard was properly constructed, must be obtained from men experienced in the construction of guards, from persons whose occupation and business make them peculiarly qualified to speak intelligently upon the subject, and who can convey to the jury more reliable information than the jury possess, or which can be given by other men not skilled in that business. The men who construct, build and observe for many years the workings of their structures, become so well versed in their adaptation to the use for which they were intended that they become experts, and as such are entitled to give an opinion without violating in any manner

the law of evidence. The same rule applies to the objection and exception to the evidence of Schreck, who made the guard at the Schuyler street crossing, and who was also experienced in the business and who was also competent as an expert, from his experience and observation, to testify on the same subject.

The offer to show that the cattle-guards or new tracks on either side of the guard in question were constructed on a different plan from the guard over which the horse passed, was properly excluded.

This evidence was not material as bearing upon the suitableness and sufficiency of the guard in question. These are the only exceptions presented by the appellant.

The judgment should be affirmed.

SMITH J., concurred in reversal.

Judgment reversed and new trial granted, costs to abide event.